[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (No. 106)
"In consumer transactions, strict compliance with statutory provisions that prescribe the informational content of retail instalment contracts is mandatory and is not excused by inadvertence." Gaynor v. Union Trust Company, 216 Conn. 458, 475,582 A.2d 190 (1990). The evidence submitted to the court establishes that Credit Acceptance Corp. ("CAC"), the plaintiff in this collection case, failed to comply with the repossession and redemption requirements of Conn. Gen. Stat. § 36a-785(b) 
(c). The defendant's motion for summary judgment must consequently be granted. CT Page 9142
The evidence submitted to the court establishes that on March 28, 1997, the defendant, Cheryle L. Tyson ("Tyson"). purchased a 1994 Dodge Intrepid from Stephen Chevrolet-Oldsmobile, Inc. She financed the vehicle by signing a security agreement in the amount of $12,465. The security agreement was assigned to CAC.
Tyson later allegedly defaulted in her payments. (The issues raised by the motion for summary judgment now before the court make it unnecessary to address the question of default.) CAC repossessed the vehicle on June 2, 1998.
On October 13, 1998, CAC commenced this action by service of process seeking the outstanding balance under the contract and certain expenses. On March 25, 1999, Tyson filed the motion for summary judgment now before the court. The motion was initially heard on April 26, 1999. On that date, the court granted a continuance to CAC to enable it to locate copies of certain notices that it claims to have sent Tyson. The motion was subsequently heard on June 29, 1999. At the latter hearing, CAC informed the court that copies of the asserted notice could not be found. No further continuance was requested. For the reasons briefly described below, the motion must be granted.
Conn. Gen. Stat. § 36a-785(b) (c) contain certain notice requirements applicable to retail installment sales that lie at the heart of this case. Subsection (b) requires that not less than ten days prior to a retaking, the holder of the contract must serve upon the retail buyer a notice of intention to retake the goods on account of the buyer's default. "The notice shall state the default and the period at the end of which such goods will be retaken, and shall briefly and clearly state what the retail buyer's rights under this subsection will be in case such goods are retaken." Subsection (c) provides that, if the holder of a contract fails to give a notice complying with subsection (b), it shall retain the goods for fifteen days after the retaking, during which period the buyer may redeem the goods for the unaccelerated sum due under the contract plus certain expenses. The holder of the contract is required, within three days of the retaking, to furnish to the buyer "a written statement of the unaccelerated sum due under such contract and the actual or reasonable expense of any retaking or storing." It is common ground that CAC, as the holder of the contract in question, was required to comply with either subsection (b) or subsection (c) in order to prevail in the collection action it CT Page 9143 now pursues.
The hearing of this motion was continued, as described above, because, while CAC claims that it sent Tyson several notices complying with subsection (b), it was unable to find copies of any of those asserted notices. At the second hearing, CAC confessed that it was still unable to find any such copies and did not request a further continuance. Under these circumstances, the court has no alternative but to conclude that no copies of the asserted notice will ever be produced. Tyson has submitted an affidavit stating that she never received any such notice. CAC has submitted an affidavit from its custodian of the records stating that it sent "a Notice to Cure" to Tyson on several different occasions, but the contents of that asserted notice are only described as informing her "that she was in default under the terms and/or conditions of a retail installment contract." Even looking at the evidence in the light most favorable to CAC, the court cannot conclude that the most minimal notice requirements of subsection (b) have been satisfied.
The remaining question is whether the notice requirements of subsection (c) have been satisfied. As mentioned previously, subsection (c) requires the holder of the contract, within three days of the retaking, to furnish the buyer with "a written statement of the unaccelerated sum due under such contract and the actual and reasonable expense of any retaking and storage." In this case, there is no dispute as to the actual content of CAC's subsection (c) notice; a copy of that notice has been submitted by the defendant. The notice, dated June 5, 1998, states only the accelerated amount of the debt. It further states that, "To obtain exactly the amount you owe in order to redeem your vehicle, please call 1-800-716-7376 and ask for the Redemption Department." This direction, combined with a statement of the accelerated amount of the debt, is plainly inadequate to comply with the clear requirements of subsection (c). The directions of the statute are in no way unclear or difficult to follow. CAC simply failed to comply with them.
Under these circumstances, there is no genuine issue as to any material fact. Practice Book § 17-49. CAC has failed to comply with the notice requirements of either subsection (b) or subsection (c). Strict compliance with those statutory provisions "is mandatory and is not excused by inadvertence." Gaynor v.Union Trust Co., infra, 216 Conn. at 475. CT Page 9144
The defendant's motion for summary judgment is granted. Judgment shall enter for the defendant.
The defendant's motion further requests an award of attorney's fees. The parties have not argued or briefed the question of whether such an award should be granted, and no evidence concerning the appropriate amount of such an award has been submitted. If the defendant wishes to pursue an award of attorney's fees, she should file a motion requesting such an award, and the motion will subsequently be heard on the short calendar.
Jon C. Blue Judge of the Superior Court